(Reap. Dec. 8536)

MAX ECKARDT & SONS, INC. v. UNITED STATES

Entry No. 812001–1/2, etc.

(Decided February 1, 1956)

*Jordan & Klingaman* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

WILSON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED between counsel, subject to the approval of the court, as follows:

1. That the above-enumerated appeals may be limited to those items on the invoices where, on entry, the importer added to meet advances by the appraiser in similar cases then pending on appeal.

2. That the items of merchandise to which these appeals have been limited were, at the time of exportation to the United States, freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, packed ready for shipment, at the appraised values less the amounts added on entry to meet advances by the appraiser in similar cases then pending on appeal, and that there was no higher foreign market value.

3. That the appeals may be submitted.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved where, on entry, the importer added to meet advances by the appraiser in similar cases then pending on appeal, and that such values were the appraised values, less the amounts added on entry to meet advances by the appraiser in similar cases then pending on appeal.

Insofar as the appeals relate to all other merchandise, they are hereby dismissed.

Judgment will be entered accordingly.